UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEREMY CROSBY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:12-cv-01157 |
| ) | Judge Trauger |
| STATE OF TENNESSEE and ) | |
| HENRY STEWARD, ) | |
| ) | |
| Respondents. ) | |

## M E M O R A N D U M

The court has before it a petition for a writ of *habeas corpus* brought under 28 U.S.C. § 2254. (Docket No. 1). The petitioner, proceeding *pro se* and *in forma pauperis*, is an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee.

**I.     Introduction**

The petitioner was convicted of possession with the intent to sell .5 grams or more of cocaine, a Class B felony, and possession of drug paraphernalia, a Class A misdemeanor. The trial court sentenced the petitioner to an effective sentence of sixteen years incarceration as a Range II, multiple offender. On direct appeal, the petitioner alleged that the trial court erred in denying his motion to suppress the search of his motel room and that trial counsel committed ineffective assistance of counsel. The Tennessee Court of Criminal Appeals affirmed the judgment of the trial court on January 26, 2007.

On July 28, 2007, the petitioner filed a timely *pro se* petition for post-conviction relief. The trial court found that all the allegations were either previously determined on direct appeal or had been waived by the petitioner's failure to present the claim in a prior proceeding; therefore, the trial court summarily dismissed the petition without affording the petitioner the appointment of counsel

or an evidentiary hearing. On appeal to the Tennessee Court of Criminal Appeals, the appellate court reversed the summary dismissal, in part, and remanded the case for the appointment of counsel and an evidentiary hearing concerning the performance of appellate counsel. *Jeremy Crosby v. State of Tenn.*, No. M2007-00611-CCA-R3-PC (Tenn. Crim. Ct. App. Apr. 25, 2008).

Following the appointment of counsel, the petitioner filed an amended post-conviction petition. After an evidentiary hearing on February 27, 2009, the post-conviction court entered an order on March 25, 2009, denying the petition in all respects. The petitioner timely appealed the trial court's order, and the Tennessee Court of Criminal Appeals affirmed the trial court's decision on November 18, 2010. *Crosby v. State of Tenn.*, 2010 WL 5157332 (Tenn. Ct. Crim. App. Nov. 18, 2010). On February 17, 2011, the Tennessee Supreme Court dismissed the petitioner's application for permission to appeal.

The petitioner filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on November 18, 2012. (Docket No. 1).

## II.     Standard for Preliminary Review of Section 2254 Cases

Under Rule 4, Rules – Section 2254 Cases, the court is required to examine § 2254 petitions to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If, on the face of the petition, it appears that the petitioner is not entitled to *habeas corpus* relief, then the "the judge must dismiss the petition . . . ." *Id*.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified, *inter alia*, at 28 U.S.C. §§ 2244, *et seq.*), prisoners have one year within which to file a petition for *habeas corpus* relief which runs from the latest of four (4) circumstances, one of which is "the date on which the [state court] judgment became final by the conclusion of

2

direct review . . . ." 28 U.S.C. §§ 2244(d)(1)(A).

The AEDPA's one-year limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); *see Ege v. Yukins*, 485 F.3d 364, 371 (6th Cir. 2007). However, any lapse of time before a state application is properly filed is counted against the one-year limitations period. *See Bennett v. Artuz*, 199 F.3d 116, 122 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000). When the state collateral proceeding that tolled the one-year limitations period concludes, the limitations period begins to run again at the point where it was tolled rather than beginning anew. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004)(citing *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)).

## III. Preliminary Review of Petition

In this case, the court's preliminary review under Rule 4, Rules – Section 2254 Cases reveals that the petitioner's § 2254 petition appears to be untimely.

The record before the court shows that the date on which the petitioner's judgment became final by conclusion of direct review was April 26, 2007.[1] Ninety-four (94) days later, on July 28, 2007, the petitioner sought state post-conviction relief. Thus, the AEDPA's one-year limitations had run for just over three months prior to the petitioner's post-conviction filing.

Over two years later, on February 17, 2011, when the Tennessee Supreme Court dismissed the petitioner's application to appeal the denial of his petition for post-conviction relief, the

---

[1]On January 27, 2007, the ninety (90) day period within which the prisoner could file a writ of *certiorari* with the United States Supreme Court began. *See Fed. R. Civ. P.* 6(a)(1)(a) (when the governing time period is stated in days, the court excludes the day of the event that triggers the period; thus, here, January 26, 2007, is excluded). During the ninety (90) day period, the AEDPA's one-year limitations period is tolled. *See Clay*, 537 U.S. 522, 532. The ninety (90) day period ended on April 26, 2007. *See Fed. R. Civ. P.* 6(a)(1)(c)(when the governing time period is stated in days, the court includes the last day of the period with exceptions that do not apply here).

3

AEDPA's one-year limitations period began running again.² Thus, the petitioner had until November 14, 2011, or 271 days later, to file his petition for *habeas corpus* relief.

The petition was signed and dated on November 5, 2012. (Docket No. 1 at p. 15). From the record before the court, it appears that the petition for relief under § 2254 was filed **nearly one year** beyond the AEDPA's one-year limitations period. In other words, the petition is untimely.

The court has the authority to *sua sponte* raise the statute of limitations and dismiss untimely motions for federal *habeas corpus* relief. *See Day v. McDounough*, 547 U.S. 198, 209 (2006). Recognizing that the petitioner is proceeding *pro se*, the court will grant the petitioner thirty (30) days to show cause why his petition should not be dismissed as time-barred.

## V. Conclusion

After conducting a preliminary review of the petitioner's § 2254 petition under Rule 4, Rules – Section 2254 Cases, it appears that the petition should be dismissed as untimely. However, the petitioner will be given thirty (30) days to show cause why his petition should not be dismissed as untimely.

An appropriate order will be entered.

Aleta A. Trauger
United States District Judge

---

²Since 94 of the 365 days of the AEDPA's one year statute of limitations had passed in 2007, the petitioner only had 271 days left within which to file.