IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JEREMY CROSBY, )
 )
    Petitioner, )
 )    Case No. 3:12-CV-1157
v. )    Judge Trauger/Bryant
 )
STATE OF TENNESSEE )
HENRY STEWARD, Warden, )
 )
    Respondents. )

TO: The Honorable Aleta A. Trauger

## REPORT AND RECOMMENDATION

This matter is on referral to the undersigned for, inter alia, pretrial management of the case, including recommendation for ruling on any dispositive motions (Docket Entry No. 17). Respondents have filed a motion to dismiss the State of Tennessee as a party (Docket Entry No. 15) and a motion to dismiss the petitioner's request for federal habeas corpus relief under 28 U.S.C. § 2254 (Docket Entry No. 20). For the reasons stated below, the undersigned Magistrate Judge recommends that respondent's motions to dismiss be granted and the petition dismissed with prejudice.

## Statement of the Case

Petitioner Jeremy Crosby was convicted by a Davidson County jury on May 25, 2004 for possession with intent to sell over .5 grams of cocaine and possession of drug paraphernalia. *State v. Crosby*, No. M2005-00548-CCA-R3-CD, 2007 Tenn. Crim. App. LEXIS 61, at *1 (Tenn. Crim. App. Jan. 26, 2007). Crosby appealed his convictions, but the Tennessee Court of

Criminal Appeals denied relief on January 26, 2007. *Id.* at *2. On February 28, 2007, Crosby filed a timely petition for state post-conviction relief.[1] *Crosby v. State*, No. M2007-00611-CCA-R3-PC, 2008 Tenn. Crim. App. LEXIS 359, at *2 (Tenn. Crim. App. Apr. 25, 2008) [hereinafter *Crosby* (Apr. 25, 2008)].[2] After denial of the petition followed by petitioner's timely appeal, the Tennessee Court of Criminal Appeals remanded the case for further proceedings regarding the alleged ineffective assistance of Crosby's appellate counsel, including the appointment of post-conviction counsel and an evidentiary hearing. *Crosby* (Nov. 18, 2010) at *6. The post-conviction court again denied the petition, and upon timely appeal to the Tennessee Court of Criminal Appeals, the court denied post-conviction relief on November 18, 2010. *Id.* at *1.

The one-year period of limitation for seeking habeas relief is tolled during state post-conviction litigation. 28 U.S.C. § 2244(d)(2). The limitations period in this case began running

---

[1] The limitations period did not run between January 26, 2007, and February 26, 2007, because the limitations period for habeas corpus petitions filed under 28 U.S.C. § 2254 is tolled during the ninety days in which a prisoner may file a writ of *certiorari* in the Supreme Court of the United States. *See Clay v. United States*, 537 U.S. 522, 532 (2003).

[2] The first time the Tennessee Court of Criminal Appeals reviewed Crosby's post-conviction relief petition, the court stated Crosby had filed his post-conviction relief petition on February 28, 2007. *Crosby* (Apr. 25, 2008) at *2. The second time the Tennessee Court of Criminal Appeals reviewed the petition, the court stated Crosby had filed his petition on July 28, 2007. *Crosby v. State*, No. M2009-00934-CCA-R3-PC, 2010 Tenn. Crim. App. LEXIS 975, at *6 (Tenn. Crim. App. Nov. 18, 2010) [hereinafter *Crosby* (Nov. 18, 2010)]. Presumably relying upon the second opinion, the Preliminary Review of the instant habeas corpus petition stated that Crosby filed for post-conviction relief on July 28, 2007 (Docket Entry No. 3, p.1). However, in light of reference to the initial dismissal of Crosby's post-conviction petition on March 7, 2007, the filing date of February 27, 2007, appears to be the correct date. *See Crosby* (Apr. 25, 2008) at *4. Moreover, this interpretation provides Crosby the benefit of the doubt. The time for seeking discretionary review from the United States Supreme Court on direct appeal would have expired on April 26, 2007, and the limitations period for seeking habeas relief would have run for 94 days until July 28, 2007, which would have further shortened his time to file the instant petition.

on January 17, 2011, when Crosby's time for seeking review before the Tennessee Supreme Court expired. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 653 (2012); Tenn. R. App. P. 11(b). On January 19, 2011, Crosby sought discretionary review from the Tennessee Supreme Court, which was denied on February 17, 2011 for failure to file within the required sixty-day period. *Crosby v. State*, No. M2009-00934-SC-R11-PC, 2011 Tenn. LEXIS 171 (Tenn. Feb. 17, 2011) [hereinafter *Crosby* (Feb. 17, 2011)]. Even giving Crosby the benefit of any doubt and counting the remaining period from the February 17, 2011, order of the Tennessee Supreme Court, the limitations period expired no later than February 17, 2012. *See* 28 U.S.C. § 2244(d)(1). On June 10, 2012, Crosby wrote a letter to the state court clerk inquiring about the status of his appeal to the Tennessee Supreme Court, upon which he was notified that it had been denied (Docket Entry No. 7).

On November 8, 2012, nearly 9 months after the statute had run and nearly five months after receiving notice from the Tennessee Supreme Court, Crosby filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his convictions and 18-year sentence (Docket Entry No. 1). The petition lists the State of Tennessee and Henry Steward, Warden of the Morgan County Correctional Complex, as respondents (*Id.*). Respondents have filed motions to dismiss the State of Tennessee as a party and to dismiss the petition because it is time-barred (Docket Entry No. 15, 20). Crosby does not dispute that his habeas petition was filed outside the one-year limitations period (Docket Entry No. 22). However, he has requested that equitable tolling be applied because he was not notified of the denial of his final appeal to the Tennessee Supreme Court until the clerk responded to his June 10, 2012, letter (Docket Entry No. 7).

3

## Analysis

**I.      Respondent's Motion to Dismiss the State of Tennessee as a Party**

A petition for a writ of habeas corpus concerning the petitioner's detention must include "the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242. This provision "indicates that there is generally only one proper respondent to a given prisoner's habeas petition." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). The proper respondent is the custodian who has the power to "produce the prisoner's body before the habeas court." *Id.* at 435. In a petition for a writ of habeas corpus, "the 'state' is not a proper respondent." *Bridges v. Chambers*, 425 F.3d 1048, 1050 (7th Cir. 2005).

Here, the petition names both the State of Tennessee and Henry Steward, the warden of Northwestern Correctional Complex in Tiptonville, Tennessee (Docket Entry No. 1). Warden Steward is the correct respondent because he has legal custody of the petitioner. The State of Tennessee should be dismissed as a party.

**II.     Respondent's Motion to Dismiss the Petition as Time-Barred**

Habeas corpus petitions filed under 28 U.S.C. §2254 are subject to a one-year statute of limitations which runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2).

The period of limitations for filing a habeas petition under § 2254 is subject to equitable tolling. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012), *cert. denied*, 133 S.Ct. 141 (2012). A petitioner has the burden of demonstrating he is entitled to equitable tolling by establishing: "(1) that he has diligently pursued his rights; and (2) 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* (quoting *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010)). The extraordinary circumstances prong may be satisfied if "petitioners face a substantial, involuntary delay in learning about the status of their appeals." *Robinson v. Easterling*, 424 Fed. Appx. 439, 442 (6th Cir. 2011) (citing *Miller v. Collins*, 305 F.3d 491, 495–96 (6th Cir. 2002)).

However, equitable tolling should be "applied sparingly." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). While recognizing the difficulties of prisoners obtaining case status updates, the Sixth Circuit "has never granted equitable tolling to a petitioner who sat on his rights for a year and a half." *Robinson.* 424 Fed. Appx. at 443. Even in cases where petitioners receive delayed notification through clerical error, they "may not seek equitable tolling if they 'passively await decision.'" *Id.* (quoting *Miller*, 305 F.3d at 496).

Here, equitable tolling is not appropriate because Crosby was not reasonably diligent in pursuing his rights. Crosby sought discretionary review from the Tennessee Supreme Court on January 19, 2011. *Crosby* (Feb. 17, 2011). Crosby then waited until June 10, 2012, to inquire

5

about the status of his appeal (Docket Entry No. 7). There is no indication Crosby made any other inquiries prior to June 10, 2012. By waiting almost a year and a half, Crosby failed to pursue his rights with reasonable diligence. Crosby passively awaited the decision of the Tennessee Supreme Court and has not provided any reason he could not have inquired earlier. Had Crosby acted with reasonable diligence, he could have filed his habeas petition on time. Moreover, even after receiving confirmation that his final state court appeal had been denied, Crosby still waited almost five months to file his federal habeas petition. Therefore, Crosby is not entitled to equitable tolling and his habeas petition should be dismissed.

## **Recommendation**

For the reasons stated above, the undersigned Magistrate Judge recommends that the motions to dismiss filed on behalf of respondents (Docket Entry No. 15, 20), be GRANTED and that the petition be dismissed with prejudice. If this Report and recommendation is accepted, the undersigned further recommends that any pending motions be denied as moot.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTER this 11th day of June, 2013.

                                               s/ John S. Bryant
                                               JOHN S. BRYANT
                                               United States Magistrate Judge