UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JEREMY CROSBY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:12-cv-01157 |
| | ) | Judge Trauger |
| STATE OF TENNESSEE and | ) | |
| HENRY STEWARD, | ) | |
| | ) | |
| Respondents. | ) | |

**M E M O R A N D U M**

On June 11, 2013, the Magistrate Judge issued a Report and Recommendation (R&R) (Docket No. 23) on the motions to dismiss filed by the respondents (Docket Nos. 15 and 20), recommending that the motions be granted and the petition dismissed with prejudice.

Pending before the court are Objections to the R&R timely filed by the petitioner (Docket No. 26) and a response filed by respondent Steward (Docket No. 27). For the reasons discussed below, the court finds that the petitioner's Objections lack merit and should be overruled.

**I. Introduction**

The petitioner, proceeding *pro se* and *in forma pauperis,* is an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee. The petitioner was convicted by a Davidson County jury on May 25, 2004, of possession with the intent to sell .5 grams or more of cocaine, a Class B felony, and possession of drug paraphernalia, a Class A misdemeanor. The trial court sentenced the petitioner to an effective sentence of sixteen years incarceration as a Range II, multiple offender.

Crosby appealed his convictions, alleging that trial court erred in denying his motion to

1

suppress the search of his motel room and that trial counsel committed ineffective assistance of counsel. The Tennessee Court of Criminal Appeals affirmed the judgment of the trial court on January 26, 2007. *State v. Crosby,* No. M2005-00548-CCA-R3-CD, 2007 Tenn. Crim. App. LEXIS 61, at **1-2 (Tenn. Crim. App. Jan. 26, 2007).

On February 28, 2007, the petitioner filed a timely *pro se* petition for post-conviction relief, which the court denied. *Jeremy Crosby v. State of Tenn.*, No. M2007-00611-CCA-R3-PC (Tenn. Crim. Ct. App. Apr. 25, 2008). On appeal, the Tennessee Court of Criminal Appeals remanded the case for further proceedings regarding the alleged ineffective assistance of Crosby's appellate counsel.

Following the appointment of counsel, the petitioner filed an amended post-conviction petition. After an evidentiary hearing on February 27, 2009, the post-conviction court entered an order on March 25, 2009, denying the petition in all respects. The petitioner timely appealed the trial court's order, and the Tennessee Court of Criminal Appeals affirmed the trial court's decision on November 18, 2010. *Crosby v. State of Tenn.*, 2010 WL 5157332 (Tenn. Ct. Crim. App. Nov. 18, 2010). On February 17, 2011, the Tennessee Supreme Court dismissed the petitioner's application for permission to appeal.

The petitioner filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on November 18, 2012. (Docket No. 1). Upon receipt, the court examined the petition as is required under Rule 4, Rules–Section 2254 Cases to ascertain whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." (Docket No. 3 at p. 2). The court's examination revealed that the petition appeared to be untimely filed and, on November 28, 2012, the court entered an order and accompanying memorandum

directing the petitioner to show cause why his petition should not be dismissed as time-barred. (Docket Nos. 4 and 5).

The petitioner responded, conceding that his petition was untimely filed but asserting that equitable tolling applied. (Docket No. 7). The court then directed the respondents to answer, plead or otherwise respond to the petition in conformance with Rule 5, Rules § 2254 Cases. (Docket No. 8). Respondent State of Tennessee filed a motion to dismiss, contending that Henry Steward was the only proper defendant to this action. (Docket No. 15). Respondent Steward filed a motion to dismiss, contending that the petition is time-barred and that the petitioner is not entitled to equitable tolling. (Docket No. 20).

## II.     Report and Recommendation

In the R&R (Docket No. 23), the Magistrate Judge recommends that respondent State of Tennessee's motion to dismiss be granted because Henry Steward, the warden of the Northwestern Correctional Complex, has legal custody of the petitioner and is the only correct respondent. (*Id.* at p. 4). The Magistrate Judge further recommends that respondent Steward's motion to dismiss be granted because Crosby filed the instant petition nearly nine months after the statute of limitations expired and Crosby is not entitled to equitable tolling as he was not reasonably diligent in pursuing his rights. (*Id.* at pp. 3, 5-6).

## III.    Standard of Review

When a magistrate judge files a R&R regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the R&R to which a party specifically objects. Fed. R .Civ. P. 72(b)(3). Here, the R&R concerns a motion to dismiss, so this court will review the contested findings *de novo*. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir.2001).

## IV. Petitioner's Objections to the R&R

The petitioner filed Objections to the Magistrate Judge's recommendation to dismiss the petition. (Docket No. 26). Crosby concedes that his petition was filed beyond the period of limitations for filing a habeas petition under § 2254 but argues that he is entitled to equitable tolling. (*Id.*) Crosby does not object to the Magistrate Judge's recommendation to dismiss the State of Tennessee as a respondent. (*Id.*)

Petitioner Crosby's first objection is that the Tennessee Supreme Court engaged in deceit by failing to inform him that his petition for state post-conviction relief had been denied; therefore, Crosby contends that he should not be held responsible for his untimely-filed federal habeas petition. (Docket No. 26 at pp. 1-2). Crosby contends that dismissing his petition "will send a wrong message to the courts that they can deceive any petitioner by not notifying them that they have made a ruling on there [sic] case and allowing time to toll legally by deciet [sic]." (*Id.* at p. 2).

Crosby has submitted no evidence supporting his contention that the Tennessee Supreme Court engaged in "deceit" by failing to inform Crosby of the status of his appeal. Moreover, the petitioner's argument fails to acknowledge his personal responsibility as a litigant to prosecute his own appeal. As the Magistrate Judge reasoned, Crosby waited almost a year and a half before inquiring of the Tennessee Supreme Court about the status of his appeal; he has not provided any reason why he could not have inquired sooner. Had Crosby acted with reasonable diligence, he could have learned the status of his appeal sooner and filed his federal habeas petition on time; and, even after receiving confirmation that his final state court appeal had been denied, Crosby waited nearly five months to file his federal habeas petition. (*See* Docket No. 23 at p. 6). In short, regardless of the fact that the Tennessee Supreme Court did not inform Crosby of the status of his

appeal prior to Crosby contacting the court for information, Crosby bears responsibility for his own inaction.

Next, Crosby objects to the Magistrate Judge's determination that Crosby "passively awaited" the Tennessee Supreme Court's decision. (Docket No. 26 at p. 1). Crosby contends that he "has waited on the court for a decision that's longer than a year before so it [was] normal for a decision from the court to take over a year . . . ." (*Id.*) Assuming that Crosby has waited over a year for the same court to issue a ruling in the past, the flaw in Crosby's reasoning is that a court's timing in one case does not establish a pattern for all future cases. Even if Crosby did not expect the court to issue a ruling in his case for over a year, Crosby could have inquired as to the status of his appeal prior to his anticipated date of decision. This responsible approach would have ensured that Crosby did not "sit on his rights," rely on an incorrect assumption, and miss any important deadlines; such an approach would have demonstrated due diligence on Crosby's part as opposed to his failure to contact the court in any way for nearly a year and a half after filing his appeal.

Finally, Crosby objects to the Magistrate Judge's finding that it is a "petitioner's responsibility to keep up with the court's decisions . . . ." (Docket No. 26 at p. 2). However, it is the petitioner who bears the burden of proving that he is entitled to equitable tolling. *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002). In order to prove that he is entitled to equitable tolling, the petitioner must show that he was reasonably diligent in pursuing his rights. However, the petitioner has not submitted any evidence showing that he stayed abreast of the law or wrote numerous letters to the court or to his attorney seeking information and providing direction. He also did not immediately file his habeas corpus petition upon learning that his appeal to the Tennessee Supreme Court had been denied. Instead, he simply argues that he should not be responsible for the

5

court's failure to inform him of a decision in his case. That argument does not reflect a diligent pursuit of his rights.

## V. Conclusion

After reviewing the pleadings and the record *de novo*, and considering the petitioner's specific Objections to the Magistrate Judge's Report and Recommendation entered on June 11, 2013, the court agrees with the Magistrate Judge's analysis and recommendation and finds that the State of Tennessee should be dismissed as a respondent, the instant petition is time-barred, and equitable tolling does not apply to save the petitioner's petition. Therefore, the petitioner's Objections will be overruled, and the R&R will be adopted and approved.

An appropriate order will follow.

Aleta A. Trauger
United States District Judge